WILLIAM BRIGHAM & another, Assignees *vs.* THOMAS WENTWORTH.

A note given by A. as collateral security for the performance of a contract between B. and C. is discharged if the contract be materially changed, or a new contract substituted without A.'s consent.

An omission to give certain instructions to the jury is not open upon a bill of exceptions, unless the instructions were specifically requested at the trial.

ASSUMPSIT on a promissory note of the defendant, dated at Lowell, February 28th, 1849, for $100, payable to George Lambert or order, in six months from date. At the trial in the court of common pleas, before *Perkins,* J. it was admitted that the plaintiffs were assignees of George Lambert, an insolvent debtor, and had a right to recover, if said Lambert

could, had he remained solvent. The defendant contended and offered evidence tending to show that the defendant gave the note in suit as collateral security for the fulfilment of a contract between his son John P. H. Wentworth and others, of one part, and said George Lambert and one Henry Lambert of the other part, and that said contract related to an adventure to California. Under it said John P. H. Wentworth and others were to go to California, remain there with said George and Henry Lambert about one year, and in the employment of said Lamberts; said Lamberts were to find for said J. P. H. Wentworth and others, all necessary implements for working, also provisions and employment, and passage out free; and said Lamberts were to give Wentworth and others one half the net proceeds. It appeared that said J. P. H. Wentworth and others did go to California in the vessel provided by the Lamberts under said contract. The defendant further offered evidence tending to show, that on the arrival of the vessel with said J. P. H. Wentworth and others in California, said Henry Lambert, who transacted the business of the concern in California, (said George then residing in Boston,) proposed to J. P. H. Wentworth to give up and release to him (Wentworth) the contract, on Wentworth's giving his note for a certain sum, viz: $400; that J. P. H. Wentworth then gave the note for $400, and received a release from said contract. There was some other evidence of the agency of Henry Lambert for George Lambert, besides the fact of his being united with him as one of the parties to the contract. There was evidence in the case, derived from what purported to be a copy of said contract, that it was a sealed instrument. It did not appear that there had ever been any further action under said contract, but the parties separated, and said J. P. H. Wentworth and others went to another city, and there worked by themselves.

The plaintiffs' counsel argued to the jury that by the terms of said receipt, which was in evidence, said George Lambert was bound to account for the proceeds of said note upon a settlement with said J. P. H. Wentworth; that he had nothing to do with the defendant about it; that it was given

him as an advance to pay the passage of the son to California, and to be accounted for on a final settlement; and he contended to the jury, that upon the receipt and other evidence in the case, they ought so to find. He further denied that said Henry Lambert had any authority to discharge said contract, or that the evidence was sufficient to show such authority.

The judge instructed the jury, that if the defendant had made out to their satisfaction the defence stated by him, and which his evidence tended to establish, to wit, that the defendant gave the note in suit as collateral security of the performance of said contract, and the said contract had been released and discharged before its termination by the plaintiffs, or had been so altered and changed as to make it a new and different contract, or it had been released, and another and different contract substituted in its place, and without the consent of this defendant, he would no longer be held; but this would be a defence to his note.

The judge ruled that the jury must be satisfied by defendant that the said Henry Lambert had authority to do the act alleged to have been done by him in reference to releasing or changing the contract, and for this they must look to the evidence. As to the above-named receipt and contract, both parties having argued their construction and effect to the jury, and no ruling on the same being requested from the court, as matter of law, the court left them, without objection on either side, to the jury, making such remarks in reference to them and the effect to be given them as was deemed pertinent.

The jury found a verdict for the defendant, and the plaintiffs excepted to these rulings.

*W. Brigham*, for the plaintiffs.

*W. H. L. Smith*, for the defendant.

THOMAS, J. This was assumpsit on a promissory note. The defence was that the note was given by the defendant as collateral security for the performance of a contract made by a son of the defendant, J. P. H. Wentworth and others of the one part, and George Lambert, the insolvent, and one Henry Lambert, of the other.

11*

The case comes up on exceptions to the instructions and alleged want of instructions of the presiding judge.

1. The instructions as to the effect of an alteration or discharge of the contract upon the collateral security, are clearly right.

2. The instructions as to the authority of Henry Lambert, to discharge the contract, are correct as far as they go.

It would seem from the evidence of the contract, which is, however, quite imperfect, that the two Lamberts were jointly interested in this operation as partners; that Henry transacted the business at California, George residing in Boston. The report finds that there was other evidence of the agency of Henry Lambert for George, besides the fact of his being united with him as one of the parties to the contract. " The court ruled that the jury must be satisfied by the defendant that Henry Lambert had authority to do the act alleged to have been done by him, in reference to releasing or changing the contract, and for this they must look to the evidence." If the directions were not as specific as the plaintiffs desired, they should have asked for more specific instructions.

3. So, as to the alleged want of instructions in relation to the receipt and contract, the report finds that no instructions were requested. To such failure to give instructions no exception lies, unless taken at the time. Every point intended to be made, should be explicitly presented to the judge at the trial. If this be not done, and he fail to give an opinion upon it, such failure or omission is not ground of exception. *Reed* v. *Call*, 5 Cush. 14 ; *Emery* v. *Vinal*, 13 Shepley, 303 ; *Badger* v. *Bank of Cumberland*, 13 Shepley, 428.

*Exceptions overruled.*